DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas. Appellant, Daryl Becker, appeals his conviction on one count of insurance fraud and asserts the following assignments of error:
 {¶ 2} "I. The trial court erred in the denial of defendant-appellant's rule 29 [sic] motion for acquittal at the close of the state's case."
 {¶ 3} "II. The trial court erred in finding defendant-appellant guilty of the fourth degree felony offense of insurance fraud in violation of Ohio Revised Code Section 2913.47."
 {¶ 4} "III. The trial court erred in ordering defendant-appellant to pay restitution for the cost of investigation of private insurer."
 {¶ 5} On the morning of September 3, 2004, appellant appeared at the Huron County Sheriff's Department to report that his 2003 Sonoma pickup truck was stolen. Appellant claimed that on the previous night he slept at his parent's home. Appellant stated that his mother woke him up the next morning, and he discovered that his truck was gone. Because appellant had the only set of keys to his vehicle and said that he locked the truck the night before, Theodore Patrick, a law enforcement officer working for the Huron County Sheriff's Department, asked him whether there was any glass (from a broken car window) in that area. Appellant replied that he did not see any glass. When the vehicle was recovered, there were no signs, such as a broken steering column or broken windows, to indicate that the alleged thief had "hot wired" the truck in order to start it.
 {¶ 6} At approximately noon on September 3, 2004, appellant called his insurer, Progressive Insurance ("Progressive"), orally made a claim for the theft of his pickup truck, and was assigned a claim number. He also obtained, partially at his insurer's cost,[1] a rental vehicle, which he used for three days.
 {¶ 7} On September 5, 2004, Deputy Patrick received a voice mail from Sergeant Michael Viars of the Richland County Sheriff's department. Sergeant Viars informed the deputy that appellant's pickup was found in a "friend's barn" in Richland County. The truck was towed to Huron County where it remained in the possession of the sheriff's department.
 {¶ 8} At appellant's trial, the "friend," David Wheeler, testified that when the pickup truck was found in his barn, he had known appellant "for maybe two weeks or so." When appellant showed up at Wheeler's in a rental car on September 4, 2003, Wheeler asked him why he did not have his pickup truck. Appellant said that it was "missing." According to Wheeler and another witness, Bradley Bowman, appellant's truck was discovered shortly thereafter in the barn. When Wheeler again asked appellant why his truck was in the barn, appellant told him that he just parked it there and that he would take it out of the barn. Wheeler told another individual who knew appellant about the incident; that person became suspicious and called Sergeant Viars.
 {¶ 9} On September 10, 2004, Brian Sautter, a claims investigator employed by Progressive, received a fax from appellant's attorney. The fax read: "Please be advised that Daryl Becker does not have a claim against Progressive for his truck."
 {¶ 10} Appellant was subsequently charged with one count of insurance fraud, a violation of R.C. 2913.47, a felony of the fourth degree. Appellant testified on his own behalf at trial. He asserted that he was at Wheeler's on September 2, 2004, that he was drinking vodka and water, and that he was intoxicated. Appellant maintained that he had no idea how he got to his parent's house that night. He said that when he discovered that his vehicle was missing, he called the police, who told him to come to the sheriff's department to fill out an affidavit regarding the missing truck. According to appellant, the deputy advised him to file a report with Progressive, and he did so, stating only that he did not "know where it was at." Appellant claimed that he found his pickup in Wheeler's barn a day later; however, he asserted that he had business "out of town" and, therefore, did not return the rental car for three days. Appellant also testified that he paid $107 owed for the lease of the rental car.
 {¶ 11} The jury found appellant guilty of insurance fraud, as set forth in the indictment. The common pleas court sentenced appellant to five years of community control, 90 days in the Huron County Correctional Center, with work release, and ordered him to pay a fine of $2,500. The judge also ordered appellant to pay $410 to Progressive as restitution.
 {¶ 12} In his Assignment of Error No. I, appellant asserts that the trial court erred in denying his Crim. R. 29 motion for acquittal made at the close of appellee's case. Appellant presented a defense and testified on his own behalf. A review of the trial transcript reveals that the defense then rested and did not renew the motion for acquittal at the close of all evidence.
 {¶ 13} Generally, in a jury trial, the failure to renew a Crim. R. 29 motion at the close of all evidence waives any error, except plain error, that might have occurred in overruling that motion. State v. Barringer, 11th Dist. No. 2004-P-0083,2006-Ohio-2649, at ¶ 59. Nevertheless, in Perrysburg v. Miller,153 Ohio App.3d 665, 2003-Ohio-4221, this court held that "`w]hether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic.'" Id. at ¶ 57 (Citation omitted.). We based this conclusion on the fact that regardless of which standard is used, "`a conviction based on legally insufficient evidence constitutes a denial of due process'" and must be overturned. Id., quoting State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, citing Tibbs v. Florida (1982), 457 U.S. 31, 45, andJackson v. Virginia (1979), 443 U.S. 307. Therefore, we shall address the merits of appellant's first assignment of error.
 {¶ 14} An appeal challenging the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient to support a verdict as a matter of law.
Id. When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted to determine whether, if believed, it would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In reviewing sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Tenace, 109 Ohio St.3d 255, 260,2006-Ohio-2417, ¶ 37, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 15} Appellant asserts that insufficient evidence was offered to establish, beyond a reasonable doubt, any of the elements of the offense of insurance fraud. R.C. 2913.47 reads, in pertinent part:
 {¶ 16} "(B) No person, with purpose to defraud or knowing that the person is facilitating a fraud, shall do either of the following:
 {¶ 17} "(1) Present to, or cause to be presented to, an insurer any written or oral statement that is part of, or in support of, an application for insurance, a claim for payment pursuant to a policy, or a claim for any other benefit pursuant to a policy, knowing that the statement, or any part of the statement, is false or deceptive * * *."
 {¶ 18} R.C. 2913.47(A)(2) defines "deceptive" as a statement that "in whole or in part, would cause another to be deceived because it contains a misleading representation, * * * or by any other conduct, act, or omission creates, confirms, or perpetuates a false impression, including, but not limited to, a false impression as to law, value, state of mind, or other objective or subjective fact." The definition of "statement" includes, but is not limited to, "any notice, * * * or other evidence of loss, injury, or expense; * * * and data in any form." R.C.2913.47(A)(5). In turn, "data" includes, among other things, any other representation of * * * facts that "have been prepared in a formalized manner." R.C. 2913.47(A)(1).
 {¶ 19} Appellant argues that insufficient evidence was offered to show, beyond a reasonable doubt, that: (1) he was the Daryl Becker insured by Progressive; (2) that he was the Daryl Becker who made the false oral statement (The truck was stolen.) to Progressive on September 3, 2004; (3) assuming appellant was the caller, he never made a claim for any benefit pursuant to his Progressive motor vehicle policy; and (4) assuming that appellant made a statement to his insurer stating that his truck was stolen, that he knew that the statement was false or deceptive.
 {¶ 20} A conviction can be sustained based on circumstantial evidence alone. State v. Franklin (1991), 62 Ohio St.3d 118,124, citing State v. Nicely (1988), 39 Ohio St.3d 147, 154-155. The following is sufficient circumstantial evidence to prove, beyond a reasonable doubt, each element of R.C. 2913.47.
 {¶ 21} At appellant's trial, a Huron County Sheriff's Office "Stolen Vehicle Affidavit" was entered into evidence. The affidavit, dated September 3, 2004, and signed by appellant, avers that appellant's 2003 GMC Sonoma pickup truck "was knowingly used or operated by a person or persons unknown without the consent of the owner or person authorized to give consent in violation of 2913.03 of the Ohio Revised Code." In other words, appellant made a formal statement swearing that his truck was the subject of a theft. Appellant also told Theodore Patrick that his truck was "stolen." Appellant's "friends" testified that appellant simply told them that his car was "missing," and that after its discovery in the barn, changed his story by stating that he parked it there. This testimony is sufficient circumstantial evidence from which it can be inferred that appellant knew that the notice of a "total theft" of his pickup as reported to his insurer was false and/or deceptive.
 {¶ 22} Sautter further testified that on the same date the affidavit was filed with the sheriff's department, appellant called Progessive to "report a total theft of" his truck and was assigned a claim number. Sautter also stated that a Progressive claims adjuster made arrangements for appellant to lease a rental vehicle on the afternoon of September 3, 2004 in Norwalk, Huron County, Ohio. Appellant did lease that vehicle for a period of three days. Sautter further testified, without objection, that appellant's truck was worth more than $5,000. Appellant's place of residence as provided to Progressive was the same as the place of residence listed on the affidavit of theft provided to Theodore Patrick. Patrick also testified that appellant told him that his truck was insured by Progessive. These facts are sufficient to establish, beyond a reasonable doubt that appellant was insured by Progessive, that he was the individual who called Progressive, and that appellant made a claim under his Progressive insurance policy. Accordingly, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 23} In his Assignment of Error No. II, appellant contends that insufficient evidence was offered to prove, beyond a reasonable doubt, that he committed a fourth degree felony. R.C.2913.47(C) makes insurance fraud a fourth degree felony if the insurance claim is more that $5,000 but less than $100,000. The undisputed testimony of Brian Sautter was that the value of appellant's truck was "absolutely" more than $5,000. Accordingly, appellant's Assignment of Error No. II is found not well-taken.
 {¶ 24} Appellant's Assignment of Error No. III asserts that the trial court erred in ordering appellant to pay restitution for the cost incurred by Progressive in investigating appellant's fraudulent insurance claim. In State v. Dolce (1993),92 Ohio App.3d 687, 705, this court noted that the insurance fraud statute has no provision that permits a private insurer to obtain reimbursement for a special investigation involving insurance fraud. Here, a review of Progressive's "Restitution Request" reveals that the insurer requested $60 for rental car reimbursement, $350 for the processing of appellant's claim, and $200 for "special investigations." Appellant was ordered to pay restitution in the amount of $410. Thus, it is clear that the trial court deducted the costs of the special fraud investigation from the amount of restitution requested by Progressive. Accordingly, appellant's Assignment of Error No. III is found not well-taken.
 {¶ 25} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Skow, J. concur.
[1] Progressive was billed $20 per day for the lease of the rental car.